DECISION AND JOURNAL ENTRY
Appellant, Darrick A. Rogers, appeals the denial of his petition for postconviction relief in the Summit County Court of Common Pleas. We affirm.
On October 20, 1997, undercover Cuyahoga Falls detective Steven Guldman met with Mr. Rogers to arrange a drug deal. During the course of their conversation, Detective Guldman told Mr. Rogers that he provided drugs to underground "raves." He asked Mr. Rogers if he could provide a sealed bottle of morphine and stated that his intention was to sell the right to use the morphine in advance to a group of partygoers who would then open the bottle at the party. Mr. Rogers indicated that he could provide one bottle of morphine, and they agreed upon a price of $1,000. Mr. Rogers gave the detective a pager number with instructions to page him after 5:00 p.m. on October 23, 1997, to finalize the details of the transaction.
On October 23, Detective Guldman paged Mr. Rogers. After two conversations, they agreed to meet at a Burger King restaurant in Akron. When Detective Guldman arrived, he found Mr. Rogers sitting at a table in the restaurant with a woman whom he identified as his girlfriend. He instructed Detective Guldman to pass the purchase money to the woman. Mr. Rogers then told the detective that the morphine was inside a boot that could be found in the bed of his truck. Detective Guldman went out to the parking lot, located the morphine, and left the scene.
Mr. Rogers was arrested on March 12, 1998. On March 19, 1998, he was indicted on two counts of aggravated trafficking in drugs, in violation of R.C. 2925.03(A); one count of aggravated funding of drug trafficking, in violation of R.C. 2925.05; and one count of permitting drug abuse, in violation of R.C. 2925.13(A). Counts one and three were subsequently dismissed. The remaining charges also alleged that Mr. Rogers committed the offenses in the vicinity of a juvenile. On May 7, 1998, Mr. Rogers filed a notice of alibi. In his opening statement at trial, Mr. Rogers' attorney referred to a possible alibi defense that Mr. Rogers was delivering goods in Texas when the crimes occurred in Ohio. Mr. Rogers' attorney, however, called no witnesses at trial. Mr. Rogers was convicted of permitting drug abuse and of the remaining charge of aggravated trafficking in drugs on May 28, 1998, following a jury trial. Mr. Rogers timely appealed, asserting seven assignments of error for review including ineffective assistance of trial counsel. The trial transcript was filed in this court of appeals on September 2, 1998. We affirmed Mr. Rogers' conviction on April 14, 1999. State v. Rogers (Apr. 14, 1999), Summit App. No. 19176, unreported.
On October 4, 1999, Mr. Rogers filed a petition for postconviction relief averring that he had discovered additional evidence, which he had been unavoidably unable to discover previously. Furthermore, he averred that his trial counsel had been deficient in failing to produce the evidence at trial. The trial court denied his motion for postconviction relief in an entry journalized on October 15, 1999. On October 27, 1999, Mr. Rogers filed a motion for findings of fact and conclusions of law, which the trial court entered on November 5, 1999. This appeal followed.
Mr. Rogers asserts one assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING APPELLANTS [sic] POST-CONVICTION RELIEF PETITION DUE TO NEWLY DISCOVERED EVIDENCE ON THE BASIS OF RES-JUDICATA [sic] AFTER THE APPELLANT MADE A PRIMA-FACIE [sic] SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WITH FACTS DEHORS THE RECORD.
 Mr. Rogers asserts that the trial court erred in denying his motion for postconviction relief because his motion was accompanied by new evidence including two affidavits and two bills of lading indicating that he was in or en route to Texas when the crimes were committed in Ohio. Furthermore, he asserts that his trial counsel was deficient and ineffective in failing to call those who submitted affidavits as witnesses and in failing to produce the bills of lading as evidence. Moreover, he avers that he was unavoidably prevented from discovering the facts on which he now bases his motion for postconviction relief. We disagree.
Under R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" The trial transcript was filed in this court on September 2, 1998. The petition for postconviction relief was not filed until October 4, 1999, which was more than 180 days after the trial transcript was filed in this court. Therefore, his petition was untimely.
In State v. Alvarez (Apr. 2, 1997), Lorain App. No. 96CA006595, unreported, at 4, we said:
 Under Section 2953.23(A) of the Ohio Revised Code, a trial court may not entertain an untimely filed petition for post-conviction relief unless the defendant shows (1) either (a) that he was unavoidably prevented from discovering the facts upon which his petition was based or (b) that, after the 180 days had expired, the United States Supreme Court recognized a new federal or state right that would apply retroactively to him, and unless he shows (2), by clear and convincing evidence, that, but for a constitutional error at trial, he would not have been convicted[.]
 Mr. Rogers seeks to raise the ineffectiveness of his trial counsel in his petition for postconviction relief. However, he admits that both he and his attorney knew of the witnesses to his alibi at the time of trial, and therefore, the facts upon which his petition for postconviction relief is based. He asserts that his attorney failed to call these alibi witnesses, and therefore, was ineffective. He has included with his petition bills of lading and affidavits as evidence of his trial counsel's ineffectiveness and his alibi but has failed to show that he was unaware of these facts at the time of trial — in fact, Mr. Rogers forthrightly admits that he knew of his alibi at the time of trial. However, based on R.C. 2953.23(A), the trial court may not entertain such a petition based on facts that were known by the defendant at trial. Therefore, Mr. Rogers' assignment of error is overruled.
The trial court based its decision on res judicata, apparently determining that Mr. Rogers' petition was barred by resjudicata because he raised the issue of ineffective assistance of counsel in his direct appeal. We do not reach that issue because we conclude that the trial court did not err in denying Mr. Rogers' petition because he had failed to comply with the mandate of R.C. 2953.23(A)(1)(a).
Mr. Rogers' assignment of error is overruled. The trial court's judgment, in that it denies Mr. Rogers' petition, is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J., CONCUR.